UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTIRCT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE HECTOR, | ELECTRONICALLY FILED |
| Plaintiff, | No.: |
| vs. | |
| | Judge: |
| FEDERAL HEARINGS & APPEALS SERVICES, INC. | Civil Action-Law |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

**AND NOW,** come the plaintiff, Nicole Hector, by and through her attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.     Plaintiff initiates this action to seek redress against Federal Hearings & Appeals Services, Inc., (hereinafter "Defendant" or "FHAS"), her former employer, for unlawful discrimination, in the form of retaliation, in violation of the Americans with Disabilities Act, and other applicable laws.

### II. PARTIES

2.     Plaintiff is an adult and competent individual residing at 242 Everhart Street, DuPont, PA 18641.

3.     Defendant is Federal Hearings & Appeals Services, Inc., a corporation authorized to do business in the state of Pennsylvania, with offices for the purpose of conducting it's business at 117 West Main Street, Plymouth, PA 18651.

## III. JURISDICTION AND VENUE

4.      Defendant is an "employer" within the meaning of the Americans with Disabilities Act of 1990, as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5.      Defendant maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the PHRA (requiring four of more employees).

6.      Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7.      Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendant can be served in the District.

8.      Plaintiff has exhausted her administrative remedies, having received an EEOC Dismissal and Notice of Rights dated September 14, 2107, a copy of which is attached hereto as exhibit "A".

## IV. FACTUAL BACKGROUND

9.      Plaintiff began her work with the Defendant in or about September of 2016, as a credentialing specialist.

10.     On February 10, 2015, plaintiff filed a Charge of Discrimination with the EEOC against her former employer Blue Cross of Northeastern Pennsylvania (BCNEPA).

11.     On February 19, 2016, after receiving a Notice of Right to Sue from the EEOC, plaintiff filed a lawsuit against her former employer, Blue Cross of Northeastern Pennsylvania

2

(BCNEPA), in the Federal District Court for the Middle District of Pennsylvania. (See No.: 3:16-CV-293-MEM).

12.     On February 13, 2017, plaintiff reported for work with the defendant around 9:00 A.M.

13.     While plaintiff was sitting at her desk on the morning of February 13, 2017, she could hear defendant's HR manager, Laura Desciak, on the phone discussing plaintiff's employment, with corporate counsel.

14.     Since Ms. Desciak's door was ajar and plaintiff was seated only a few feet away, plaintiff could not help but hear the entire conversation.

15.     The gravamen of the conversation was that defendant was aware plaintiff had a federal lawsuit pending for employment discrimination and that plaintiff had to be terminated for that reason.

16.     Plaintiff heard Desciak state, "we are going to say the termination was due to quality of work."

17.     Plaintiff's employment with defendant was terminated by Laura Desciak and Janice Bohan, COO, approximately 45 minutes later at 10:00 A.M. on February 13, 2017.

18.     The stated reason for the termination was "due to quality of work", but Bohan gave the added reason, after plaintiff indicated she heard the Desciak conversation, that plaintiff threatened Desciak.

### COUNT I
### RETALIATION

19.     Paragraphs 1 through 18 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

3

20.     Plaintiff was at all times relevant hereto participating in protected activity, particularly she had a federal lawsuit pending for disability discrimination pursuant to the Americans with Disabilities Act.

21.     Plaintiff was subjected to adverse employment action in the form of termination.

22.     The plaintiffs termination was causally connected to her participation in protected activity, as is evidenced by the employer's agent, Desciak, saying it was being done in retaliation for her participation in protected activity.

23.     As indicated above, the stated reason for plaintiff's termination was "due to quality of work."

24.     The stated reason was a pretext for the real reason, which was retaliation against the plaintiff for her participation in protected activity.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT

25.     Paragraphs 1 through 24 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

26.     The forgoing conduct by the defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

27.     As a result of the defendant's unlawful discrimination, plaintiff has suffered damages as set forth herein.

Wherefore, plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, plaintiff prays that judgment be entered in her favor as follows:

4

a.   The defendant be permanently enjoined form permitting ADA discrimination and retaliation against the plaintiff;

b.   The defendant be prohibited from continuing to maintain it illegal policy, practice, or custom of permitting ADA discrimination and retaliation, and be ordered to promulgate an effective policy against such illegal practices;

c.   Defendant is to compensate plaintiff, reimburse plaintiff, and make her whole for any and all pay and benefits she would have received had it not been for defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, increased taxes on any lump sum verdict, reduction in social security retirement benefits, medical and other benefits, training, promotions, pension, and seniority;

d.   Plaintiff is to be awarded actual damages caused to her by defendant's actions;

e.   Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the defendant for it willful, deliberate, malicious, and outrageous conduct, and to deter defendant or any other employees from engaging in such misconduct in the future;

f.   Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

g.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law;

h.   Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure defendant does not engage in

further, or ceases engaging in, illegal retaliation against plaintiff or other witnesses to this action.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.


By:  s/Gerald J. Hanchulak

        Gerald J. Hanchulak, Esq.

        Attorney ID PA 56320

        Attorneys for Complainant

604 South State Street

Clarks Summit, PA   18411

(570) 319-6642

ghanchulak@hanchulaklaw.com